No. 1876.—PIERCE BAYLY and W. F. HOUSTON, Curator, *v.* R. H. and G. M. BAYLY.

The principal is not bound by the receipt of his agent, when it is shown that the agent has been deceived by false representations of the debtor. In such a case the principal may recover from the debtor the balance due, after deducting the amount paid to the agent in full settlement of the demand.

APPEAL from Sixth District Court of New Orleans. *Duplantier*, J. *Race, Foster & E. T. Merrick*, for plaintiffs and appellees. *J. Ad. Rozier*, for defendant and appellant.

TALIAFERRO, J. This suit was brought by Pierce Bayly, and, after his decease, continued by his curator, against the defendants, to recover from them the sum of $2386 45, and interest; an alleged balance due the plaintiff on the collection of a promissory note of N. C. Folger, owned by plaintiff, and placed in the defendant's hands, to be collected for him. He charges that this sum of $2386 45, with eight per cent. interest, from the nineteenth of August, 1865, has been illegally and fraudulently withheld from him by defendants, who, in

3

December, 1865, rendered to plaintiff's agent, H. M. Thompson, a false and fradulent account of his transactions in regard to plaintiff's interests, and by which they concealed from plaintiff's agent the fact that they had collected the said note of Folger; in full, pretending that they had compromised with Folger, by receiving fifty cents on the dollar only, and by these fraudulent misrepresentations had induced the agent, Thompson, to sign a receipt for a much smaller sum than was justly due the plaintiff. The answer denies all the allegations of the plaintiff, and prays that his demand be rejected.

The judgment of the lower court was in favor of the plaintiff for the amount claimed by him, and the defendants have appealed. Pending this suit in the lower court, the plaintiff died, and Houston was appointed curator of his estate, and in his name, as curator, the suit was continued.

A clerical error in the supplemental petition of the curator, by which he was styled, "curator of absent heirs," gave rise to an exception that in that capacity he could not stand in judgment. On motion afterwards of plaintiff, the clerical error was corrected, it being shown. that Houston was appointed curator of the succession of Pierce Bayly. To this ruling of the court the defendants objected, and retained a bill of exceptions. We think the court properly allowed the correction of the error, which was obviously a mere clerical one. It worked no injury to the defendants, and was a right the plaintiff was entitled to. Several other bills of exceptions are in the record, but we deem it unnecessary to pass upon them. The one relating to the competency of the witness, Thompson, on the ground that his wife was named universal legatee of Pierce Bayly, in his will, we omit to examine, because there is abundant evidence in the record without that witness' testimony to decide the controversy.

The facts of the case are, that Pierce Bayly, a resident of Mississippi, was the owner and holder of several promissory notes of considerable amounts, which he had intrusted to the defendants, his relatives in New Orleans, to collect for him. Among these notes was the one already mentioned of N. C. Folger, for the sum of $3500. This note was one of a series of five, executed by Folger, the whole amounting to $22,500. R. H. Bayly, who figures prominently in these proceedings, and against whose acts the plaintiff complains most, was the holder of the other four notes, and having control of the one owned by Pierce Bayly, proceeded against the maker by suit, obtained judgment and an order for a sale of certain valuable property in New Orleans, mortgaged to secure their payment. The notes were all dated twenty-third January, 1860, and drew eight per cent. interest from their respective maturities. The note for $3500, owned by Pierce Bayly, was due twenty-third January, 1861. The other four on the twenty-

third January, 1862. Three of them for $5000 each, and the other for $4000. On the $3500 note there was indorsed receipts for the payment of interest for the first and second years—that is, from 1861 to 1862. These indorsements were made by Pierce Bayly, as it seems, before the note went into the hands of R. H. Bayly. In like manner, on the other notes, indorsements of payments of the interest for one year, or up to 1863, appear. The mortgaged property was sold on the seventeenth of August, 1865, and purchased by R. H. Bayly, at the price of $26,500. The property was sold at twelve months' credit, but no bond, it appears, was given, the sheriff's return showing that the purchaser, as holder of the five notes, retained in his own hands the entire amount bid.

On the fourteenth December following the sale of the property, an account was furnished Thompson, the agent of Pierce Bayly, in which it is stated that at the date of August 19, 1865, the note of Folger, owned by Pierce Bayly, amounted, principal and interest, to $4238 90, and that it was "settled at fifty cents on the dollar, cash, on principal and interest." Thompson, it appears, believing this statement true, and that the account was rendered in good faith, received the one-half of $4238 90, for his principal. In the month of March, 1866, suspecting that there was error and unfair dealing in the statement made in December, counsel were employed to investigate the matter. A letter was written by the counsel to the defendants, suggesting error in the account furnished Pierce Bayly, and requesting them to call and explain the apparent error, and, if need be, correct it. This letter was dated March twentieth, and, no response being made, it was followed by another, under date of the thirtieth of that month, of a more decided and stringent character. Thereupon, as stated by one of the counsel who testified in the case, an account was exhibited, but a copy of it was not permitted to be taken. That afterwards, on the trial of the cause, an order *duces tecum* to produce that account, another and different account was produced. This is the account designated in the record as document "O," over which the contest in this case is made. Subsequent to the rendition of this account, defendants wrote to Thompson, the agent, informing him he had bought the property sold under the mortgage, on joint account, for themselves and Pierce Bayly. By the account "O," it was made to appear that the proceeds of the sale fell short of paying the entire amount of all the notes, and interest due on them, $467 50, the deficit on Pierce Bayly's note, on a *pro rata* estimate, being only $72. A scrutiny of the account by the plaintiff shows that Folger was charged with interest on the $3500 from twenty-third January, 1861, and on $19,000, amount of the other four notes from the twenty-third January, 1862, whereas the interest on all of the notes had, before suit was brought, been paid up to twenty-third January, 1863. The additional amount of interest

thus included in the judgment, sum up the claim against Folger to more than $1500 above the true amount of his indebtedness, thus showing the pretended deficit of $467 50. Deducting the overcharge of interest, it appears that the entire debt, principal and interest, was fully paid. The plaintiff shows various other errors and inaccuracies in this account, which it is not necessary to notice. We are fully satisfied that the defendants collected the whole amount of the debt against Folger, and that they should account to the plaintiff for the amount claimed in his petition as awarded by the court below. The course pursued by the defendants appears to have been singularly irregular, to say the least of it; showing three different accounts at different times, all at variance with each other, obtaining judgment for more than they were entitled to, and first informing the plaintiff's agent that they had compromised with Folger for one-half, then presenting accounts showing they had realized the whole debt, and afterwards setting up that the property was bought on joint account.

It is ordered, adjudged and decreed that the judgment of the District Court be affirmed, with costs in both courts.